UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JEFFREY DARRELL RAY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-568-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Jeffrey Darrell Ray, Jr. pleaded guilty to four counts of being a felon in possession of a firearm or ammunition, and he was sentenced to 240 months in prison [Docs. 41, 77, No.:3:12-cr-00124]. He took a direct appeal, and the Sixth Circuit affirmed on August 13, 2015. 622 Fed. App'x 548. Ray then filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, on December 21, 2015 [Doc. 1]. He has since filed three supplements to that original motion: one on December 5, 2017 [Doc. 13], one on April 12, 2018 [Doc. 14], and one quite recently on February 28, 2019 [Doc. 23]. The government has responded to the original motion [Doc. 8], and to the first two supplements together [Doc. 20].

Relief is not warranted here. The arguments presented in petitioner's first motion—the only one that is timely—pertain to the anti-shuttling provisions of the Interstate Agreement on Detainers Act (IAD),[1] violations of which, except for limited circumstances not applicable here, are not cognizable under § 2255. Moreover, the three supplements, which allege various constitutional claims, do not relate back to that first motion and are therefore time-barred (and

---

[1] This statute is codified as an appendix to Title 18 of the United States Code.

not otherwise subject to equitable tolling). For these reasons, petitioner's motion [Doc. 1] will be denied and dismissed with prejudice.

First of all, violations of the IAD, asserted in petitioner's original motion, are not cognizable under § 2255. Long ago the Sixth Circuit explicitly stated as much in *Mars v. United States*, 615 F.2d 704 (6th Cir. 1980), where it held that, at least where a petitioner has failed to demonstrate actual prejudice, "IAD claims are not cognizable under a motion for § 2255 relief." *Id.* at 707. The court reasoned that, because the government's asserted violation of the IAD did not affect or impugn the integrity of the underlying criminal proceedings, the petitioner's claim fell "far short of a 'fundamental defect' causing a 'complete miscarriage of justice,'" for which § 2255 relief is reserved. *Id.* The same can be said here: petitioner has failed to explain how, or even argue that, his catalog of grievances about the circumstances of his incarceration somehow clears that high bar. Relief is therefore not warranted on this basis.[2]

---

[2] There are at least two alternative bases for rejecting petitioner's IAD argument. First, "prisoner rights created by the Agreement (IAD) are waived by forfeiture or default if not raised prior to or during trial," *United States v. Eaddy*, 595 F.2d 341, 346 (6th Cir. 1979), and here there is no indication that petitioner preserved this argument. Second, and as the government argues here, the IAD claim is meritless:

> [F]or IADA purposes, the original jurisdiction in this case was the State of Tennessee. Consistent with the IADA, the Court issued a writ of habeas corpus ad prosequendum to that jurisdiction to request custody of petitioner so that he could answer for the federal charges against him. Once petitioner's federal case was completed and his sentence had been imposed, he was returned to the custody of the State of Tennessee so that he could answer for the state offenses that he had also committed. When petitioner completes his Tennessee sentence, he will return to federal custody to serve his federal sentence.

[Gov't Brief, Doc. 4 (internal record citations omitted)].

Petitioner's remaining claims, brought in his three supplements, are time-barred. Section 2255(f) provides that the one-year statute of limitations, which runs, as relevant here, from "the date on which the judgment of conviction becomes final."[3] Petitioner's judgment of conviction—which was affirmed on direct appeal on August 13, 2015—became final on November 11, 2015, his deadline for filing a petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a conviction affirmed on appeal becomes final when the 90-day period for seeking a writ of certiorari expires). All three supplements were filed more than a year after that: on December 5, 2017 [Doc. 13], on April 12, 2018 [Doc. 14], and on February 28, 2019 [Doc. 23].

Petitioner has not met his burden to show that the supplemental motions relate back to the timely filed one. It is well-settled that a motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment related back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Petitioner's timely filed motion asserted claims based on the IAD [Doc. 1]. The three supplements all assert very different, and factually unrelated, constitutional claims: the first based on ineffective assistance of counsel [Doc. 13], the second based double jeopardy [Doc. 14], and the third based on impermissible judicial factfinding under *Alleyne v. United States*, 570 U.S. 99 (2013) [Doc. 23].

---

[3] Petitioner has not asserted that sections two through four of § 2255(f) apply here, and the Court sees no colorable argument for doing so.

The law (and its application here) is clear. A supplement may "relate back" to the date of the initial pleading if the proposed claim "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). The new claim must be based on the "same core facts" as the timely filed petition, and a late-filed claim is unreviewable if it turns upon "events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2004). Without the requirement of a "common core of operative facts, the "limitation period would have slim significance." *Id.* at 662. It is not enough that the new claim arises from the same trial, conviction, or sentence. *Id.*; *see also id.* at 657 (explaining that any other rule would mean that "virtually any new claim. . . [would] relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence"); *Wiedrauk v. Lavigne*, 174 F. App'x 993, 100–02 (6th Cir. 2006) (deeming claims time-barred and unreviewable because they did not "share a factual basis with any [timely filed] claims."). In light of these precedents, it is plain that none of petitioner's supplements relates back.

Finally, equitable tolling does not apply here. Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent

compelling equitable considerations, a court should not extend limitations by even a single day." (internal citations omitted)). Petitioner has not attempted to do so here, so equitable tolling does not apply.

For these reasons, petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1], and the three supplements to it [Docs. 13, 14, 23], will be **DENIED** and this action will be **DISMISSED.**

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. And because petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find debatable any procedural conclusions made herein, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

An accordant judgment will enter separately.

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE